UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| MARCUS WADE | ) | |
| | ) | |
| *Petitioner*, | ) | |
| v. | ) | No. 4:05-cv-80 |
| | ) | *Jarvis* |
| GLEN TURNER, Warden | ) | |
| | ) | |
| *Respondent*. | ) | |

## **MEMORANDUM OPINION**

This *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254 was filed in the United States District Court for the Western District of Tennessee, Eastern Division, and transferred to this court. The Clerk is DIRECTED to serve a copy of the petition and this Memorandum Opinion and accompanying Judgment Order on the respondent and the Attorney General of the State of Tennessee. For the reasons stated below, the respondent shall not be required to file an answer or other pleading to the petition and this petition will be **DISMISSED**.

Petitioner challenges the 24-year sentence he received after his 1998 guilty plea to second degree murder in the Criminal Court for Bedford County, Tennessee. Petitioner does not claim to have challenged his conviction or sentence on direct appeal or in post-conviction

proceedings. A search of WestLaw does not reveal any state appellate court opinion regarding petitioner's conviction. The conviction, therefore, became final in 1998.

The U.S. District Court for the Western District of Tennessee received petitioner's habeas corpus petition on April 1, 2005. Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the only time constraint for a state prisoner to file a § 2254 habeas corpus petition was if the respondent had been prejudiced in responding to the petition because of the delay in filing. Rule 9(a) of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. As a result of the AEDPA, however, state prisoners now have one year in which to file a § 2254 petition. 28 U.S.C. § 2244(d).

The limitation period generally runs from the date on which the judgment of conviction became final. The court notes that there are several exceptions to the statute of limitation, one of which is: the one-year period shall run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id*., § 2244(d)(1)(C).

In support of his habeas corpus petition, petitioner refers to the recent Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296 (2004). At this time, however, there is no reason to apply *Blakely* retroactively to a § 2254 petition such as petitioner's. *See, e.g., In Re Dean*, 375 F.3d 1287 (11th Cir. 2004).

> No court has yet determined whether *Blakely* created a new rule of constitutional law made retroactive to cases on collateral review. For a new rule to be retroactive to cases on collateral review for purposes of authorizing a second or successive § 2255 motion or 28 U.S.C. § 2254 petition, the Supreme Court itself must make the rule retroactive.

*Id*. at 1290 (citation omitted)

Petitioner's petition for the writ of habeas corpus is barred by the statute of limitation and thus will be **DENIED**. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the FEDERAL RULES OF APPELLATE PROCEDURE. The court **CERTIFIES** that any appeal from this action would not be taken in good faith. Therefore, this court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

**AN APPROPRIATE ORDER WILL ENTER.**

　　　　　　　　　　　　　　　　　　*s/ James H. Jarvis*
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE